PREGERSON, Circuit Judge,
dissenting:
On August 31, 2008, 49-year-old Mary Ann Verdugo went shopping at a Target store in Pico Rivera, California. While inside the store, Mary Ann suffered sudden cardiac arrest. She died within minutes.
Paramedics were called promptly. But it took several minutes for them to arrive at Target’s curbside and several minutes more to reach Mary Ann inside the big box store. The paramedics attempted to revive Mary Ann. But it was too late to save her life.
Nearly 300,000 Americans are victims of sudden cardiac arrest every year. Victims of sudden cardiac arrest collapse and quickly lose consciousness—often without warning. Death follows unless normal heart rhythm is restored within a matter of minutes.
Sudden cardiac arrest is treatable, but more than 95 percent of cardiac arrest victims die, mainly because of the lack of an available external defibrillator (“AED”). Cardiac Arrest Survival Act of 2000, Pub.L. No. 106-505, § 402(3), 114 Stat. 2314 (2000). Although “CPR may help prolong the window of survival,” defibrillation “is the only definitive treatment” for sudden cardiac arrest. The American Red Cross AED Frequently Asked Questions, http://www.redcrosscny.org/pdfiAED_ FAQs.pdf. To be successful, an AED shock generally must be administered within five minutes from the onset of sudden cardiac arrest.
Despite the frequency of sudden cardiac arrest and the absolute necessity of using an AED within the first few minutes, the Pico Rivera Target failed to equip its store with a life-saving defibrillator. That is why Mary Ann Verdugo’s life could not be saved.
*1052 A business has a “special relationship” with its invitees. This special relationship creates an affirmative duty requiring the business to provide first aid to its invitees who become ill or injured on the premises, and “to care for them until they can be cared for by others.” Restatement (Second) of Torts § 314A; see also Delgado v. Trax Bar & Grill, 36 Cal.4th 224, 241, 30 Cal.Rptr.3d 145, 113 P.3d 1159 (2005).
The scope of a business’s duty to provide care is “determined in part by balancing the foreseeability of the harm against the burden of the duty to be imposed.” Ann M. v. Pacific Plaza Shopping Ctr., 6 Cal.4th 666, 678, 25 Cal.Rptr.2d 137, 863 P.2d 207 (1993). “[W]here the burden of preventing future harm is great, a high degree of foreseeability may be required.” Id. (citation and quotation marks omitted). Nevertheless, “in cases where there are strong policy reasons for preventing the harm, or the harm can be prevented by simple means, a lesser degree of foreseeability may be required.” Id. at 678-79, 25 Cal.Rptr.2d 137, 863 P.2d 207 (citation and quotation marks omitted). “Duty in such circumstances is determined by a balancing of ‘foreseeability’ ... against the ‘bur-densomeness, vagueness, and efficacy’ of the proposed ... measures.” Id. at 679, 25 Cal.Rptr.2d 137, 863 P.2d 207 (quoting Gomez v. Ticor, 145 Cal.App.3d 622, 631, 193 Cal.Rptr. 600 (1983)).
More than 700 people in the United States die of cardiac arrest every day. Cardiac Arrest Survival Act at § 402(1). Because of the significant number of people who suffer sudden cardiac arrest, it is reasonably foreseeable that a customer, while shopping at the Pico Rivera Target, could suffer sudden cardiac arrest. Moreover, if a customer suffers sudden cardiac arrest in the large Pico Rivera Target in an area where paramedics cannot reach her within five minutes, she will likely die unless there is an accessible defibrillator in the store. Seconds count when the life of a cardiac arrest victim is in the balance. “[E]very minute that passes before returning the heart to a normal rhythm decreases the chance of survival by 10 percent.” Cardiac Arrest Survival Act at § 402(5) (emphasis added). But the harm can be easily reduced by quick use of a defibrillator. When “CPR and AEDs are used within three to five minutes from the onset of collapse, the survival rate of a sudden cardiac arrest victim is as high as 50 to 70 percent.” Automatic External Defibrillators: Hearing on S.B. HS6 Before the S. Comm, on Health, 2011-2012 Reg. Sess. 1-2 (Cal. 2012).
Defibrillators are relatively inexpensive and virtually foolproof. Target sells an AED on its website for $1,199.99. AEDs are “safe and effective, even when used by lay people.” Cardiac Arrest Survival Act at § 402(8). AEDs are virtually fail-safe because they do not “allow a user to administer a shock until after the device has analyzed a victim’s heart rhythm and determined that an electric shock is required.” Id.
Purchasing an AED and periodically training an employee on its use is not much of a burden for a large store like the Pico Rivera Target.[1] Providing an AED is an easy and effective way to remedy a grave and foreseeable harm. In the analogous context of preventing criminals from *1053 harming invitees, the California Supreme Court has recognized that, in certain circumstances, some precautionary measures are onerous. Some measures found onerous include: employing security guards, Ann M., 6 Cal.4th at 679, 25 Cal.Rptr.2d 137, 863 P.2d 207; and providing bright lights in parking garages, monitoring security cameras, and requiring existing personnel to make periodic walk-throughs of the property, Sharon P. v. Arman, Ltd., 21 Cal.4th 1181, 1196, 91 Cal.Rptr.2d 35, 989 P.2d 121 (1999).
But this case is different. The remedy is not onerous, and a defibrillator “is the only definitive treatment for [sudden cardiac arrest].” The American Red Cross AED Frequently Asked Questions, http:// www.redcrosscny.org/pdfiAED_FAQs.pdf. Acquiring a relatively inexpensive AED and training one employee to use it is not comparable to hiring a security guard or requiring an employee to walk through a garage. A security guard is hired for one purpose: to guard a premises. Moreover, requiring existing personnel to make periodic walk-throughs removes that employee from their regular duties for a significant amount of time and training. A Pico Rivera Target employee trained in proper AED usage, however, is not hired specifically to use the AED device and is not required to periodically abandon his or her normal post; the employee is merely trained on how to use the foolproof defibrillator. Finally, unlike bright lights, security cameras, and periodic basement walk-throughs, acquiring an AED would be extremely effective in preventing death by sudden cardiac arrest.
Because of the reasonable foreseeability that a Pico Rivera Target customer could suffer sudden cardiac arrest, the insignificant burden of acquiring an AED and training employees on how to use the simple device, and the virtual certainty of death if an AED is not used within minutes of the onset of sudden cardiac arrest, the Pico Rivera Target had a duty to have available an AED in its store. The majority refers the question to the California Supreme Court. I believe that in the circumstances of this case, the California common law duty for a business to provide emergency first aid to its invitees requires the availability of an AED for cases of sudden cardiac arrest. Thus, I would reverse the district court’s dismissal of the complaint against Target and remand for further proceedings.

. Moreover, in California, any business that acquires an AED is "not liable for any civil damages resulting from any acts or omissions in the rendering of the emergency care” if the business, among other things, regularly maintains the defibrillator, trains one employee per every AED unit on AED usage, and complies with regulations governing placement of the AED. Cal. Health & Safety Code § 1797.196(b). California limits the liability for civil damages of any entity that acquires an AED so long as the entity complies with the non-onerous requirements of Cal. Health & Safety Code § 1797.196(b).